UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SANDS MUSIC CORP., JAY LIVINGSTON MUSIC, OCTAVE MUSIC PUBLISHING CORP., TROUP LONDON MUSIC, QUARTET MUSIC, INC., RANGE ROAD MUSIC, INC. and HAMPSHIRE HOUSE PUBLISHING CORP., Plaintiffs, vs. NEW YORK PRIME, INC. and GEORGE ARCHOS, Defendants. | Civil Action No. 08 C 50092 Judge Frederick Kapala Magistrate Judge P. Michael Mahoney JURY DEMAND |

## ANSWER TO COMPLAINT

Defendants, New York Prime, Inc. and George Archos ("Defendants"), answers the Complaint by Plaintiffs, Sands Music Corp., Jay Livingston Music, Octave Music Publishing Corp., Troup London Music, Quartet Music, Inc. Range Road Music, Inc. and Hampshire House Publishing Corp., ("Plaintiffs") as follows:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

ANSWER:

Defendants admit the allegations contained in Paragraph No. 1 of the Complaint.

2. Plaintiffs allege six (6) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. Schedule A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

ANSWER:

Defendants admit that the Complaint alleges six (6) causes of action for copyright infringement with an attached Schedule A. Defendants deny all liability alleged in the complaint.

3. Plaintiffs named in Column 2 (all references are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3, and, therefore, deny the same.

4. Defendant, New York Prime, Inc., is an Illinois corporation which did at the time hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Dunhills Steaks, Chops & Seafood, located at 1501 S. Rt. 31, in McHenry, in the State of Illinois.

ANSWER:

Defendants admit the allegations contained in Paragraph No. 4 of the Complaint.

5. On information and belief, Defendant George Archos is a resident of this District and, at all times hereinafter mentioned was and still is principal stockholder and President of Defendant New York Prime, Inc., with primary responsibility for the control, management, operation and maintenance of the affairs of said corporation. The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

ANSWER:

Defendants admit that George Archos is a resident of this District and that he is the President of New York Prime, Inc. Defendants deny the remaining allegations contained in Paragraph No. 5.

6. Musical compositions were and are publicly performed at said place of business.

ANSWER:

Defendants admit that musical compositions were performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 7, and, therefore, deny the same.

8. The compositions named in causes of action 1 through 4 and 6 were published on the dates stated in Column 5, and since the dates of publication have been printed and published in strict conformity with Title 17, U.S.C.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 8, and, therefore, deny the same.

9. The compositions named in causes of action 2, 3 and 5 were registered as unpublished compositions on the dates stated in Column 5.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 9, and, therefore, deny the same.

10. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 10, and, therefore, deny the same.

11. All of the compositions are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 11, and, therefore, deny the same.

12. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of patrons attending said premises, and Defendants threaten to continue such infringing performances.

ANSWER:

Defendants admit that Dunhills Steaks, Chops & Seafood was open on Saturday, September 22, 2007. However, Defendant's are without knowledge or information sufficient to form a belief about whether the alleged compositions were publicly performed on the premises as alleged. Defendants deny the remaining allegations contained in Paragraph No. 12.

13.     The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on Defendant's premises were unauthorized: neither Defendants, nor any of the Defendant's agents, servants, employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff's copyrighted music was played on Saturday, September 22, 2007, and therefore deny the allegations contained in Paragraph No. 13.

14.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs rights. Defendants' knowledge and intent are established by the following facts:

    (a)     Defendants have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

    (b)     Despite numerous letters and other contacts by ASCAP representatives informing the Defendants of their liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business are presenting musical entertainment.

    (c)     The many unauthorized performances at Dunnhills Steak & Chop House include the performances of the six copyrighted musical compositions upon which this action is based.

ANSWER:

4

Defendants admit that New York Prime, Inc. did not hold an ASCAP license on Saturday, September 22, 2007. Defendants deny the remaining allegations contained in Paragraph No. 14 and subparagraphs (a), (b) and (c).

15.  At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 15, and, therefore, deny the same.

16.  The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

ANSWER:

Defendants deny the allegations contained in Paragraph No. 16.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1.  Plaintiffs have failed to state a claim against New York Prime, Inc., upon which relief can be granted.

2.  Plaintiffs have failed to state a claim against George Archos upon which relief can be granted. George Archos is an officer of New York Prime, Inc. He does not bear individual liability for any alleged acts committed by New York Prime, Inc. and should be dismissed from this lawsuit.

## PRAYER FOR RELIEF

Wherefore, Defendants deny that Plaintiffs are entitled to relief requested, and prays that this Court order and adjudge:

1.  that the complaint be dismissed with prejudiced and that judgment be entered in favor of Defendants;

2.  that Defendants be awarded such further relief as this Court deems just and proper.

## **JURY DEMAND**

Defendant respectfully demands trial by jury.

                              Respectfully submitted by:

                              /s/ Kevin P. Justen

Date: July 23, 2008                                 _____
KEVIN P. JUSTEN
CLARK, JUSTEN & ZUCCHI, LTD.
7320 North Alpine Road
Rockford, Illinois 61111
Phone: 815-962-6144
Fax: 815-962-6153

/s/ Kevin P. Justen

_____
MARK R. FACCHINI
DONAHUE, WALSH & HOCKEMEYER, P.C.
4310 Crystal Lake Road, Unit C-D
McHenry, Illinois 60050
Phone: 815-344-8860
Fax:    815-344-8922

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

     I hereby certify that the forgoing ANSWER TO COMPLAINT was served by U.S. mail, First Class Postage prepaid, on July 23, 2008 to the following counsel of record:

     Jared D. Solovay
     Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
     311 South Wacker Drive, Suite 5000
     Chicago, Illinois 60606

                                      /s/Mark R. Fanchini
                                      _____
                                      Attorney for the Defendant